RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 15 2016

JAMES N. HATTEN, Clerk
By: ___ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUANIAH R. STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | **1:16-CV-2571** |
| v. | ) | |
| | ) | |
| DELTA AIR LINES, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

COMES NOW, Plaintiff Quaniah R. Stevenson ("Plaintiff" or "Ms. Stevenson"), files this Complaint for Damages against Defendant Delta Air Lines ("Defendant"), showing this Honorable Court as follows:

**INTRODUCTION**

This is an action for disability, gender, race, and age discrimination and retaliation under the American with Disabilities Act of 1990 ("ADA"), 42, U.S.C. 12101, *et. seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981, and the Age Discrimination in Employment Act, 29 U.S.C. §623 ("ADEA"). Plaintiff's disability claims are based on an actual or perceived

1

disability and based on Defendant's failure to reasonably accommodate same and Defendant's decision to terminate her employment because of her disability.

## PARTIES

1.

Ms. Stevenson is a citizen of the United States and a resident of the State of Georgia. Ms. Stevenson submits herself to the jurisdiction of this Court.

2.

Defendant Delta Air Lines, Inc. is a Georgia corporation doing business in the Northern District of Georgia. Defendant may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by delivering a copy of the Complaint and Summons upon its registered agent for service of process, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

3.

At all times relevant to this action, Ms. Stevenson was an employee within the meaning of the Title VII, 42 U.S.C. §1981, ADA, and the ADEA.

4.

At all times relevant to this action, Defendant was an "employer" as defined by Title VII, the ADEA, and the ADA.

2

5.

At all times material to this Complaint, Ms. Stevenson and Defendant were parties to a contract under which Ms. Stevenson agreed to work for Defendant and Defendant agreed to compensate Ms. Stevenson for her services.

## JURISDICTION AND VENUE

6.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367(a), 29 U.S.C. §1132 and other applicable law.

7.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

8.

Defendant regularly conducts business within this State and District.

9.

Defendant is subject to the jurisdiction of this Honorable Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.

Ms. Stevenson has properly exhausted all administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity

3

Commission ("EEOC"). Ms. Stevenson received a Notice of Right to Sue from the EEOC within the last 90 days and has complied with all other conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

### 11.

Ms. Stevenson is an African-American female over forty-years old. Ms. Stevenson suffers from impairments that substantially limits major life activities such as working, walking, and standing.

### 12.

Defendant hired Ms. Stevenson on August 1, 2007 as a Customer Service Agent. Defendant terminated Plaintiff's employment on or about July 28, 2015. At the time of her discharge, Ms. Stevenson was employed as International Ticketing Agent.

### 13.

Throughout the time period leading up to her discharge, Ms. Stevenson reported to Frank Cortes, Carol Kerr, and Mark Harris, Jim Baker.

### 14.

Ms. Stevenson diligently worked in her as an International Ticketing Agent.

4

15.

On March 2014, Plaintiff suffered an injury to her neck, shoulder and lower back while on the job that caused her to be out of work for eight months.

16.

As a result of this injury, Plaintiff was substantially limited in the major life activity of working. The injury caused and still causes debilitating neck, back and shoulder pain. It also causes severe migraines. At times Plaintiff is unable to stand, walk and lift objects.

17.

As a result of her injury, Plaintiff was prescribed a treatment plan that included, among other things, ongoing visits to the doctor for pain injections and other tests and services. Plaintiff communicated with her supervisors regarding her need for doctor's visits.

18.

Plaintiff returned to work from her injury in November 2014. Upon her return to work, Ms. Stevenson diligently performed her job duties and obtained positive business results. Indeed, Plaintiff received numerous recognition for her performance, including receiving an outstanding customer service employee award. She also received various letters praising her work.

5

19.

Although Ms. Stevenson consistently demonstrated his capacity to achieve Defendant's business objectives, Defendant subjected Ms. Stevenson to disparate treatment and retaliation because of his race, disability, gender, age and her complaints about discrimination based on these factors.

20.

Upon her return to work, Plaintiff's supervisors began treating her differently than her counterparts. Among other things, Plaintiff's supervisors held her to different standards and work rules; disciplined her more severely than her counterparts; unreasonably scrutinized her; chastised Ms. Stevenson for infractions she did not commit; and included inaccurate, false and/or misleading statements in her personnel file.

21.

For example, on more than one occasion, Plaintiff's supervisor Carol Kerr would stand over Plaintiff and accused her of engaging in infractions she did not commit. In particular, on one occasion, Ms. Kerr addressed Plaintiff in an aggressive and condensing way about the shoes she was wearing claiming that it violated Defendant's dress code policy. Plaintiff was taken back by Ms. Kerr's

suggestion since she had previously worn those same shoes throughout her entire employment without any concern from her supervisors.

22.

On another occasion, Plaintiff's supervisors would attack her while she was attending to a customer with allegations that she was not performing her duties properly and that she had again violated Defendant's dress code policy. Plaintiff's supervisor would even go as far as to interrupt Plaintiff while addressing a customer just to chastise and embarrass her in front of the customer. None of Plaintiff's counterparts were treated this way. At least one customer commented about Ms. Kerr's behavior and praised Plaintiff for the way she conducted herself despite the rude behavior from her supervisor.

23.

Moreover, given her neck, back, and shoulder pain, Ms. Stevenson would request a reasonable accommodation of being allowed to take short breaks or sitting while working so that she did not have to stand on her feet for an extended period. Ms. Kerr, knowing of Ms. Stevenson's condition, made it a point to have Ms. Stevenson stand on her feet longer than she did with the other agents thereby denying her request for a reasonable accommodation. Often time, Ms. Kerr would not that, if Ms. Stevenson could not stand, that she would need to be sent home.

7

None of Ms. Stevenson's Caucasian non-disabled counterparts had to endure such treatment and were freely allowed to take short breaks and/or work while sitting.

24.

Given the glaring differences in the way she was treated, Plaintiff's counterparts would pull her aside and inquire about why her supervisor treated her so harshly. Many noted that it was clear that the supervisor was engaged in a campaign of harassment, intimidation and bullying designed to tarnish and ultimately get rid of Ms. Stevenson.

25.

Such mistreatment aggravated Plaintiff's condition and caused her to suffer from severe depression.

26.

Plaintiff's depression had a substantial impact on her ability to work. In April 2015, she requested a reasonable accommodation of an adjusted work schedule. Plaintiff's supervisor initially denied that request. However, after submitting a complaint to HR and discussing the issue with Human Resources Manager Khia Jones, the requested accommodation was granted.

27.

In fact, approximately one month before her discharge, Plaintiff was required to go to the emergency room to address the debilitating pain from her injury and the severe depression caused by her supervisor's conduct. Plaintiff remained in the hospital overnight and was out of work for the next three days.

28.

After Plaintiff returned to work, Plaintiff's supervisor continued to interact with her in a condensing and abusive manner. As a result, Plaintiff's stress and depression levels increased, which caused Plaintiff's doctors to request that Defendant place Plaintiff on light duty.

29.

Shortly after being granted an adjusted work schedule, and while on instruction from her doctor to work on light duty, Plaintiff was summoned to Human Resources upon arriving to work in July 2015. Once she arrived at HR, she was advised that the Company was allegedly conducting an investigation into her use of Defendant's Companion/Buddy Rider flight policy.

30.

During the meeting with HR, Ms. Stevenson was subject to numerous questions requiring personal details about persons she allowed to use her flight

benefits.  Prior to her complaint to HR, Ms. Stevenson had never been warned or otherwise questioned about her use of Defendant's flight benefits.  Ms. Stevenson provided honest and truthful responses to all of Defendant's questions regarding her use of Defendant's Companion/Buddy Rider benefits.

31.

At the conclusion of the meeting, Ms. Stevenson was advised that her flight privileges were suspended pending the Company's investigation.

32.

The next day, Defendant's HR contacted Ms. Stevenson and advised that based on her research, including internet and social media postings, she made conclusions about Ms. Stevenson's use of Defendant's flight privileges.  Ms. Stevenson again responded with truthful and honest answers.

33.

Thereafter, Ms. Stevenson's supervisor contacted her and attempted to get her to resign.  When she refused because she had not done anything wrong, Defendant terminated her employment.

34.

Defendant claimed that it terminated Ms. Stevenson because of alleged policy violations.  Defendant's claims in this regard is false.  Moreover, Defendant

knew or should have known that the allegations of wrongdoing by Ms. Stevenson were false. Defendant could not have formed a reasonable and good faith belief as to the truth of same. In reality, Defendant used the alleged infractions to hide unlawful discrimination and retaliation.

### 35.

A number of Ms. Stevenson's Caucasian non-disabled counterparts have been engaged in the same or similar behavior as Ms. Stevenson alleged to have engaged in, but they were not disciplined as harshly as Ms. Stevenson.

### 36.

Prior to filing complaining to HR, Ms. Stevenson had never received a written or verbal reprimand; she was never formally counseled; nor was she otherwise disciplined about any the use of her flight privileges.

### 37.

Defendant's asserted reasons for Ms. Stevenson's termination are pretext for unlawful discrimination and retaliation.

### 38.

Even if Ms. Stevenson did have performance problems, Defendant applied its work rules, including discipline for similar infractions, in a discriminatory and retaliatory manner.

39.

Defendant held Ms. Stevenson to standards and work rules that were different than his Caucasian counterparts. Defendant also subjected Ms. Stevenson to unwarranted heightened scrutiny and wrote Ms. Stevenson up for conduct that other similarly situated employees routinely engaged in.

40.

Upon information and belief, similarly situated Caucasian co-workers who did not file complaints about unlawful treatment were not terminated for the same or similar infractions attributed to Ms. Stevenson that allegedly form the basis for her discharge.

41.

Rather than provide Ms. Stevenson with the same privileges and benefits of employment that were provided to similarly situated employees who did complain about unlawful employment practices, Defendant chose to terminated Plaintiff's employment because of his race, disability, age, gender and in retaliation for complaining about discrimination.

12

## COUNT I
## VIOLATIONS OF THE ADA

### 42.

Ms. Stevenson incorporates by reference herein all preceding Paragraphs of the Complaint.

### 43.

Defendant subjected Plaintiff to treatment that was disparate from other similarly situated non-disabled employees.

### 44.

Defendant failed to reasonably accommodate Plaintiff's actual or perceived disabilities.

### 45.

Defendants terminated Plaintiff's employment because of her actual or perceived disabilities.

### 46.

Defendant discriminated against Ms. Stevenson with respect to the terms and conditions of her employment, including disciplining her more harshly than her non-disabled counterparts for engaging in the same or similar infractions because of her disability.

13

47.

Any legitimate reason asserted by Defendant for Plaintiff's discharge is pretext for unlawful disability discrimination.

48.

Upon information and belief, Defendant replaced Ms. Stevenson with someone outside her protected class.

49.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

50.

As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

51.

Plaintiff is also entitled to punitive or liquidated damages.

52.

As a direct and proximate result of Defendant's conduct, Plaintiff has been deprived income in the form of wages as well as other benefits of employment.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII AND 42 U.S.C 1981

### 53.

Ms. Stevenson incorporates by reference herein all preceding Paragraphs of the Complaint.

### 54.

Defendant subjected Plaintiff to treatment that was disparate from other similarly situated Caucasian employees.

### 55.

Defendant discriminated against Ms. Stevenson with respect to the terms and conditions of her employment, including disciplining her more harshly than her Caucasian counterparts for engaging in the same or similar infractions because of her race.

### 56.

Defendant terminated Ms. Stevenson's employment because of her race. Any legitimate reason asserted by Defendant for Plaintiff's discharge is pretext for unlawful race discrimination.

57.

Upon information and belief, Defendant replaced Ms. Stevenson with someone outside her protected class.

58.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

59.

As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

60.

Plaintiff is also entitled to punitive damages.

61.

As a direct and proximate result of Defendant's conduct, Plaintiff has been deprived income in the form of wages as well as other benefits of employment.

## COUNT II
## GENDER DISCRIMINATION
## IN VIOLATION OF TITLE VII

### 62.

Ms. Stevenson incorporates by reference herein all preceding Paragraphs of the Complaint.

### 63.

Defendant subjected Plaintiff to treatment that was disparate from other similarly situated male employees.

### 64.

Defendant discriminated against Ms. Stevenson with respect to the terms and conditions of her employment, including disciplining her more harshly than her male counterparts for engaging in the same or similar infractions because of her gender.

### 65.

Defendant terminated Ms. Stevenson's employment because of her gender. Any legitimate reason asserted by Defendant for Plaintiff's discharge is pretext for unlawful gender discrimination.

### 66.

Upon information and belief, Defendant replaced Ms. Stevenson with someone outside her protected class.

67.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

68.

As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

69.

Plaintiff is also entitled to punitive damages.

70.

As a direct and proximate result of Defendant's conduct, Plaintiff has been deprived income in the form of wages as well as other benefits of employment.

## COUNT II
## AGE DISCRIMINATION IN
## VIOLATION OF THE ADEA

72.

18

Ms. Stevenson incorporates by reference herein all preceding Paragraphs of the Complaint.

## 73.

Defendant subjected Plaintiff to treatment that was disparate from other similarly situated employers younger than 40.

## 74.

Defendant discriminated against Ms. Stevenson with respect to the terms and conditions of her employment, including disciplining her more harshly than her younger counterparts for engaging in the same or similar infractions because of her age.

## 75.

Defendant terminated Ms. Stevenson's employment because of her race. Any legitimate reason asserted by Defendant for Plaintiff's discharge is pretext for unlawful age discrimination.

## 76.

Upon information and belief, Defendant replaced Ms. Stevenson with someone outside her protected class.

## 77.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

### 78.

As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

### 79.

Plaintiff is also entitled to punitive or liquidated damages.

### 80.

As a direct and proximate result of Defendant's conduct, Plaintiff has been deprived income in the form of wages as well as other benefits of employment.

## **RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII, THE ADA, AND THE ADEA**

### 81.

Ms. Stevenson incorporates by reference herein all preceding Paragraphs of the Complaint.

### 82.

Ms. Stevenson engaged in activity protected by Title VII, the ADA, ADEA and 42 U.S.C. §1981.  In particular, Ms. Stevenson complained to Defendant's Human Resources Department about discrimination and harassment by her supervisors.

83.

Defendant retaliated against Ms. Stevenson by terminating her employment because of her complaints of discrimination.

84.

Any legitimate reason asserted by Defendant for Plaintiff's discharge is pretext for unlawful discrimination and retaliation.

85.

Defendant's actions in terminating Ms. Stevenson's employment in retaliation for engaging in protected activity constitute unlawful retaliation in violation of Title VII, the ADA, ADEA, and 42 U.S.C §1981.

86.

Defendant's unlawful actions were intentional, willful, wanton, and oppressive.  Additionally, and in the alternative, Defendant's actions were undertaken with reckless disregard for Ms. Stevenson's federally protected rights.

87.

As a direct and proximate result of Defendant's conduct, Ms. Stevenson is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, compensatory damages, pre-judgment interests, attorneys' fees and costs of litigation.

88.

Ms. Stevenson is also entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Stevenson demands a **TRIAL BY JURY** and that the following relief be granted:

a.      Declaratory judgment that Defendant violated Title VII, the ADA, ADEA, and 42 U.S.C.§1981;

b.      An injunction prohibiting the Defendant from engaging in unlawful employment practices in violation of Title VII, the ADA, ADEA, and 42 U.S.C. §1981;

c.      Full back pay from the date of Ms. Stevenson's unlawful discharge, taking into account all raises and benefits to which Ms. Stevenson would have been entitled but for her unlawful termination, including, but not limited to, all fringe benefits of employment;

22

d.      Compensatory damages in an amount to be determined by the enlightened conscience of the jury to compensate Ms. Stevenson for the mental, emotional and physical distress she has suffered as a result of Defendant's discriminatory and retaliatory conduct;

e.      Reinstatement of Ms. Stevenson's former position with Defendant or, in the alternative, front pay to compensate Ms. Stevenson for lost future wages and benefits;

f.      Reimbursement of Ms. Stevenson's out of pocket expenses incurred because of her unlawful discharge;

g.      Attorney's fees and costs of litigation;

h.      Prejudgment interest; and

i.      Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 15th day of July, 2016.

Quaniah Stevenson, *Pro Se*
211 Crest Ridge Drive
Atlanta, Georgia 30344
Phone: (770) 572-2878
Email: quaniah2011@gmail.com

EEOC Form 161 (11/09)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To:    Quaniah R. Stevenson<br>3871 Redwine Road<br>Atlanta, GA 30344 | From:    Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2015-05632** | **Triet Bui,**<br>**Investigator** | **(404) 562-6948** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

APR 1 9 2016

Enclosures(s)

**Bernice Williams-Kimbrough,**
**District Director**

(Date Mailed)

cc:    **Ryan D. Langel – Special Counsel**
**DELTA AIRLINES, INC.**
**1030 Delta Blvd**
**Atlanta, GA 30320**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Atlanta Direct Dial: (404) 562-6821
FAX (404) 562-6909/6910

April 18, 2016

Quaniah Stevenson
3871 Redwine Road
Atlanta, GA 30344

|  |  |
|---|---|
| EEOC Charge Number: | 410-2015-05632 |
| Respondent: | Quaniah R. Stevenson v. Delta Airlines, Inc. |

Dear Ms. Stevenson:

Your charge of employment discrimination has been reviewed by EEOC in accordance with the Commission's processing procedures. This letter will serve as an explanation concerning our determination of the merits on the above-referenced charge of discrimination. The determination relies on the following information:

On August 12, 2015, you filed a charge of discrimination alleging that you were discriminated because of your disability in violation of Title I of the Americans with Disabilities Act of 1990, as amended, because of your age (41) in violation of the Age of Discrimination in Employment Act of 1967, as amended, because of your sex (female), and your race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Based upon the examination of the charge file information, we have determined that EEOC will discontinue further processing of your claim. Accordingly, you will have to file a private lawsuit if you want to continue to challenge the alleged discrimination. This practice is consistent with the Commission's Priority Charge Handling Procedures when the office has sufficient information from which to conclude that it is not likely that further investigation will result in a violation of the statutes we enforce.

Enclosed please find your **Dismissal and Notice of Rights and Information Sheet. If you want to pursue your charge further, you have the right to sue the employer named in your charge in U.S. District Court within ninety (90) days from the date you receive the enclosed notice.** Please read the documents carefully.

Sincerely,

Triet Bui
Investigator