# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Quaniah R. Stevenson | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil No.: 1:16-CV-2571-AT-LTW |
| Delta Air Lines, Inc. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF QUANIAH STEVENSON

I, Quaniah Stevenson, declare as follows:

1. I was over the age of 40 at all relevant times. Specifically, I was over the age of 40 at the time of my termination from Delta and on March 2014.

2. I suffered an injury while on the job at Delta in March 2014. This work injury caused me to be out of work for eight (8) months.

3. Prior to this time, I had been successfully employed with Delta since at at least August 1, 2007.

4. However, upon returning to work in November 2014, I was subjected to retaliation and harassment because of my disability and because I exercised my rights under the ADA.

1

5. The harassment that I suffered is set forth in detail in my complaint at paragraphs 20-28, for example, which is incorporated by reference herein.

6. Delta's harassment caused me to suffer depression and contributed to pain caused by my work related injury, which resulted in me taking leave including an overnight stay in the hospital.

7. On July 28, 2015, Delta terminated my employment alleging that I violated the company's employee travel benefits (e.g. Delta's "Pass Travel", "Travel Passes", or "Buddy Passes"). I was ever "disciplined" for my attendance and job performance during my employment except for when I was terminated on July 28, 2015.

8. Delta does not periodically issue reminders to employees of the importance of complying with the policies regarding pass travel. I did not receive periodic reminders of the importance of complying with the policies regarding pass travel.

9. I was not aware that Delta requires that its employees keep "control" of their passes and the passes of their companions -- including by ensuring that they are aware of the travel being undertaken by their companion and that it is not for business or other improper purposes and overseeing use.

10. Mr. Boyette was not on my travel pass during the June 6. 2015 travel.

11. Delta's subsidiary has re-hired me and restored the very travel pass privileges that I was afforded while working with Delta.

12. I advised Delta that Mr. Dais also lived in California and before the termination and appeal.

13. I never told Delta's investigative team there that I traveled with Mr. Dais.

14. Mr. Diaz and Mr. Boyett are friends, not business associates.

15. After a brief internet search, I was able to easily find a Robert Jeff Bishton who is a marathon runner that run marathon's for prizes. (See Dep. Barbara Franz Ex. 23, ECF No. 89-13; Id. Ex. 24, ECF No. 89-14). This Robert Jeff Bishton internet records corresponds to the documents in David Bishton's investigation records. (See Id. Ex. 22, ECF No. 89-12. Based on this quick internet search, it appears David Bishton was being untruthful to Delta regarding his travel pass use for business purposes.

I declare under the penalty of perjury of the laws of Georgia that the foregoing is true and correct, and that this declaration was executed on September 27, 2019.

/s/ Quaniah Stevenson
Quaniah Stevenson

Respectfully submitted this 28th day of January, 2021.

3

/s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena@incorporatinginnovation.com
6340 Sugarloaf Parkway Suite 200, Duluth, GA 30097
Tel: 770-325-2741
Fax: 770-325-2741

*Attorney for Plaintiff*

I certify that I have served DECLARATION OF QUANIAH STEVENSON via the Court's CM/ECF system on the date below, to opposing counsel of record.

Dated: January 28, 2021         By: /s/ Charlena Thorpe
                                    Charlena Thorpe

4